UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN SANTIAGO CEREZO,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY DETENTION, et al.,<br>Respondents. | No. 1:26-cv-04592-DJC-EFB<br><br>ORDER |

Petitioner is a native and citizen of Venezuela who is presently in the custody of Immigration and Customs Enforcement ("ICE"). (First Amended Habeas Petition ("Pet.") (ECF No. 10) at 3.) In a related case, this Court previously granted Petitioner's Petition for Writ of Habeas Corpus and ordered the Government to afford Petitioner a constitutionally adequate bond hearing before an Immigration Judge where the Government was to bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight. (Prior Order (*Cerezo v. Warden,* 1:26-cv-03008-DJC-EFB (ECF No. 11) at 2.)

On May 1, 2026, a bond hearing was held ("May hearing"). (Pet at 5; Opp'n (ECF No. 13) at 2; IJ Decision (ECF No. 13-2) at 1.) The Immigration Judge denied

bond, finding that the Government met its burden in demonstrating that Petitioner was both a danger to the community and a flight risk. (IJ Decision at 1.) The Immigration Judge stated that his decision was based on the totality of the evidence in the record and specifically cited to Defendant's "actions that led to a pending charge for battery" as evidence of being a danger to the community and contradictory information in Petitioner's I-589 application as reasons for denying bond. (*Id.*) Petitioner reserved appeal of the bond order (*id.* at 2), but it does not appear that he filed an appeal with the Board of Immigration Appeals ("BIA"), (Opp'n at 2).

At the time of the bond hearing, Petitioner was facing charges in Florida for one count of battery. (*See* Pet. at 4.) However, on June 1, 2026, the State of Florida entered a nolle prosequi, which dismissed all charges against Petitioner. (*Id.*) Petitioner has no other criminal history and has no criminal charges pending against him. (*Id.*)

Petitioner filed the instant Habeas Petition and Motion for Temporary Restraining Order (Mot. TRO (ECF No. 12)) seeking immediate release or a new bond hearing. Respondents filed an opposition and Motion to Dismiss, and Petitioner filed a Reply (Reply (ECF No. 14)). The matter was submitted without oral argument.

## LEGAL STANDARD

The Court has jurisdiction to enforce its own orders. *See Sub-Zero, Inv. v. Wasserman*, No. 2:18-cv-00428-JFW-MAR, 2025 WL 1111551, at *3 (C.D. Cal. Mar. 27, 2025); *see also Agtuca v. Reed*, No. 86-cv-00331-RHW, 2006 WL 2009050, at *2 (E.D. Wash. July 17, 2006). Petitioner is seeking to enforce this Court's Order as to the standard imposed at the bond hearing. Petitioner argues that the Court ordered a constitutionally adequate bond hearing with the burden on the Government to prove dangerousness or risk of flight by clear and convincing evidence, but that the hearing failed to comply with that Order. (Pet. at 7–8.) Given the nature of this argument, Petitioner's motion is simultaneously based on the adequacy of the hearing that was

provided. Thus, the Court's analysis here is grounded in the legal standard for reviewing IJ detention determinations.

When reviewing an IJ's detention determination, the Court reviews mixed questions of fact and law under an abuse of discretion standard. *Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024). Under this standard, the Court "cannot reweigh evidence" but instead determines whether the Immigration Court "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). Thus, the Court's review is effectively limited to whether the IJ's decision "reflects 'clear legal error' or is unsupported by sufficient evidence." *Hilario Pankim v. Barr*, No. 20-cv-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020).

## DISCUSSION

### I. Administrative Exhaustion

Beginning with administrative exhaustion, while the habeas statute itself, 28 U.S.C. § 2241, does not require exhaustion, *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004), "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under [section] 2241[,]" *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2004). Waiver of the prudential exhaustion requirement is appropriate here as this Court and many other district courts have previously found. *See, e.g., Bayani v. LaRose*, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *4–5 (S.D. Cal. May 8, 2026).

### II. Adequacy of the Bond Hearing

Petitioner argues that the May hearing was constitutionally defective because the "sole factual basis" for the Immigration Judge's ruling has now been extinguished. (Pet. at 9.) Respondents argue that Petitioner failed to allege any due process violation because the Immigration Judge applied the correct burden and cited appropriate evidence for both its finding of danger and flight risk. (Opp'n at 2.) The Court finds that the May hearing was constitutionally adequate.

First, the Immigration Judge cited the correct burden in his decision. (*See* IJ Decision at 1.) The Ninth Circuit explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the Court accepts that it "applied the correct legal standard," unless there is an indication that "something is amiss." *Martinez*, 124 F.4th at 785 (cleaned up); *see Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Next, while Petitioner contends that circumstances following the bond hearing have changed, he has not demonstrated how the Immigration Judge's reliance on the pending battery charge, at the time of the hearing, was an abuse of discretion.[1] In May 2026, the nolle prosequi had not yet been entered, and the Immigration Judge considered the charge, along with other factors identified in *Matter of Guerra,* in denying bond. *See In Re Guerra,* 24 I. & N. Dec. 37, at *3–4 (BIA 2006). To the extent that Petitioner argues materially changed circumstances exist, and absent arguments to the contrary from the Government, Petitioner appears to be detained pursuant to 8 U.S.C. § 1226(a) and may request new bond hearing through the processes outlined in 8 C.F.R. § 1003.19(e). *See* 8 C.F.R. § 1003.19(e) ("After an initial bond redetermination, an alien's request for a subsequent bond redetermination shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination.").

Finally, Petitioner argues in his Reply that although he was not affirmatively denied the presence of counsel, his lack of counsel at the May hearing contributes to the overall failure to be meaningfully heard. (Reply at 7.) Upon review of the bond hearing itself, the Immigration Judge informed Petitioner of his right to counsel and confirmed that Petitioner's counsel of record had only entered an appearance for merits proceedings. After the situation was explained, Petitioner stated that he

---

[1] The Court was unable to verify Petitioner's citation to *Vega v. Holder,* 720 F.3d 1045, 1048 (9th Cir. 2013) for the proposition that "changed circumstances may warrant a new bond hearing." (Pet. at 9.) Counsel is reminded of the requirement under Federal Rule of Civil Procedure 11 of ensuring the accuracy of legal citations to the Court.

wished to proceed pro se. The Court does not find any violations of due process through this series of interactions.

Because the Court finds that the May hearing was constitutionally adequate, the Court DENIES the Petition and the Motion for Temporary Restraining Order.

**CONCLUSION**

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) and Motion for Temporary Restraining Order (ECF No. 12) are DENIED. The Clerk of Court is directed to enter judgment for Respondents and close this case. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – Cerezo26cv04591.mte